# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN RUSHING, #B-15728,      )
                                    )
           Plaintiff,       )
                                    )
vs.                           )      CIVIL NO. 10-507-JPG
                                    )
GARY ANDREW GERST, *et al.*,      )
                                    )
           Defendants.     )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, John Rushing, an inmate in Dixon Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, arising out of an incident that occurred while Plaintiff was housed in Pinckneyville Correctional Center. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**<u>The Complaint</u>**

Plaintiff states that on July 24, 2009, he was seen for medical treatment by Defendant Gerst, a physician assistant.  Defendant Gerst instructed Plaintiff to face forward (away from the Defendant), and when he did, Plaintiff felt a sharp pain in his upper back.  Defendant Gerst injected Plaintiff with an unknown substance without the Plaintiff's authorization.  Defendant Gerst refused to inform the Plaintiff why he received the injection or what was injected.

Plaintiff filed a grievance over this incident the same day with Defendant Dolce. Defendant Dolce never responded, despite Plaintiff's follow-up requests for information on the status of his grievance.  Plaintiff sent several other letters to various prison officials and outside

agencies, requesting a response to his grievance and requesting an investigation of Defendant

Gerst's conduct.  He claims that Defendants Dolce, Schwartz, Miller, and Burke denied his right

to due process by failing to respond to his grievance or investigating his complaint.  Finally, he

alleges that Defendants Bruns and Fenton falsified his medical records to state that he was not

seen by Defendant Gerst on the date he got the injection.

Plaintiff requests a jury trial, and seeks compensatory damages of $800,000 against

Defendant Gerst, $50,000 jointly and severally against Defendants Fenton and Bruns, $30,000

each against Defendants Dolce, Miller and Schwartz, and $25,000 against Defendant Burke.  He

also seeks punitive damages in the amount of $5,000 each against Defendants Gerst, Fenton,

Bruns, Schwartz, Dolce, Miller and Burke, and requests "adequate medical treatment for

Plaintiff."

## Discussion

Based on the allegations of the complaint, the Court finds it convenient to divide the pro

se action into three (3) counts.  The parties and the Court will use these designations in all future

pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The

designation of these counts does not constitute an opinion as to their merit.

## Count 1 - Forced Administration of Injection

In *Washington v. Harper*, 494 U.S. 210 (1990), the Supreme Court held that a prisoner

has "a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs

under the Due Process Clause of the Fourteenth Amendment."  *Id.* at 221-22.  However, the

"Clause permits the State to treat a prison inmate who has a serious mental illness with

antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the

treatment is in the inmate's medical interest." *Id.* at 227. *See also Fuller v. Dillon*, 236 F.3d 876, 881-82 (7th Cir. 2001); *Sullivan v. Flannigan*, 8 F.3d 591 (7th Cir. 1993).

> *Harper* emphasized several aspects of an inmate's right to refuse drug treatment. First, to administer involuntary treatment the state must find that medication is in the prisoner's medical interest (independent of institutional concerns). 494 U.S. at 227, 110 S. Ct. at 1039. Second, the tribunal or panel that reviews a treating physician's decision to prescribe forced medication must exercise impartial and independent judgment, taking account of the inmate's best interest. *Id.* at 222, 233, 110 S. Ct. at 1036, 1042; *compare id.* at 250-53, 110 S. Ct. at 1051-53 (Stevens, J., dissenting). Third, the prisoner must be able to argue capably before a review tribunal that he does not need forced medication. *Id.* at 233, 110 S. Ct. at 1042. If the state failed to meet these requirements in a particular case, the prisoner could argue that he was denied *Harper's* protections.

*Sullivan*, 8 F.3d at 598.

In addition, allegations that a prison official knowingly exposed an inmate to an infectious disease that might cause him future harm states a claim of deliberate indifference to a serious medical need. *See Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997); *see also McRoy v. Sheahan*, 188 Fed. Appx. 523, 525 (7th Cir. 2006).

In Plaintiff's case, it is unknown whether the substance injected into his body was medication, either antipsychotic or not, or some other substance. Plaintiff claims in his grievance statements and letters that Defendant Gerst was using him and other inmates of color as "guinea pigs" in some medical experiment, and that he fears he was injected with the AIDS virus. (Doc. 1-1, p. 3, 7) He states the injection caused him "health issues," but does not specify what symptoms or problems he experienced. Despite his requests, Plaintiff has never received any information on what the injection contained. However, he did obtain his medical record documenting that Defendant Gerst did see him for a medical visit on July 24, 2009, as Plaintiff

claimed in his grievance.  (Exhibit 4-C, Doc. 1-1, p. 22-23)  Defendant Gerst signed the form, stating that Plaintiff was seen while in segregation after a nursing referral dated July 18, for Plaintiff's complaints of periodic chest pain.

At this stage, the Court cannot rule out the possibility that Plaintiff may have been given an antipsychotic drug without his consent, or injected with some substance that could cause disease, implausible as it may seem.  There was no review process such as is required before the administration of antipsychotics, let alone any request for consent or even advance warning to the Plaintiff, according to his allegations.  Therefore, Plaintiff's claim against Defendant Gerst cannot be dismissed at this stage.

**Count 2 - Due Process Failure to Respond to Grievances**

Plaintiff initiated his grievance on the same day he claims Defendant Gerst injected him (July 24, 2009), yet never got any response.  The grievance was submitted to Defendant Dolce. Upon later inquiry, Plaintiff claims Defendant Dolce told him she had yet to respond to the grievance because she was waiting for the Health Care Unit to respond to her.  He filed another grievance on October 14, 2009, complaining that Defendant Dolce still had failed to respond to the July 24, 2009, grievance.  He wrote to Defendant Schwartz (the Warden) and Defendant Burke (the Chief of IDOC Intelligence and Investigation), asking them to investigate  the matter, also with no response.  When he brought the matter to the Administrative Review Board, Defendant Miller (Chair of the Administrative Review Board) refused on December 1, 2009, to address his complaint because it had not been timely submitted.  (Exhibit 4-A, Doc. 1-1, p. 19) Plaintiff claims that his right to due process was denied by these Defendants' failure to respond to his grievances.

It has long been established that there is no substantive due process right to have a grievance heard or ruled upon by prison officials, or that the grievance procedure be effective. "With respect to the Due Process Clause, any right to a grievance procedure is a procedural right, not a substantive one. [citations omitted] Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *see also Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008).

While the failure by prison officials to allow an inmate to proceed through all the steps of the grievance process in order to obtain a final administrative ruling may be relevant to the question of whether the inmate has exhausted all available administrative remedies, *see Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006), such failure does not amount to a violation of substantive due process rights. Thus, Plaintiff's allegations that his grievances went unheeded and unanswered fails to state a constitutional claim, and Count Two against Defendants Dolce, Schwartz, Burke, and Miller must be dismissed with prejudice.

**Count 3 - Falsifying Medical Records**

Plaintiff accuses Defendants Bruns (the Director of Medical Records) and Fenton (RN/Health Care Administrator) of "fabricating" his medical records. He alleges that in a memorandum from Defendant Fenton dated August 14, 2009, she falsely stated that Plaintiff refused medical treatment, and falsely stated that Plaintiff was not seen by Defendant Gerst on July 24, 2009, the date he claims he was injected without his consent. (Exhibit 1-C, Doc. 1-1, p. 5)

Putting aside the question of whether, if true, the allegations of falsifying records state

any constitutional violation, Plaintiff's Exhibit 4-C (the medical records of his July 24, 2009, visit with Defendant Gerst) shows that the medical record of his treatment on that date does in fact exist. (Doc. 1-1, p. 22-23)  Whether or not the statement in the August 14, 2009, memo from Defendant Fenton was an attempt to falsify Plaintiff's medical records or a mere oversight, the records submitted by Plaintiff show he did receive treatment on July 24, thus there was no falsification of that fact.

Because Plaintiff's complaint and exhibits do not support his allegation that Defendants Fenton and Bruns altered his records to show he was not seen by Defendant Gerst on the date of the injection incident, Plaintiff fails to state a claim upon which relief may be granted, and this portion of his claim must be dismissed with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS TWO** and **THREE** fail to state a claim upon which relief may be granted, and thus are **DISMISSED** with prejudice.  Defendants **BRUNS, FENTON, SCHWARTZ, MILLER, BURKE** and **DOLCE** are **DISMISSED** from this action with prejudice.

Because Plaintiff has not sought or been granted leave to proceed *in forma pauperis* in this action, the Court will not automatically appoint the United States Marshal to effect service of process upon Defendant Gerst.  Instead, it is Plaintiff's responsibility to serve the Defendant with a summons and copy of the complaint pursuant to Federal Rule of Civil Procedure 4.  The Court recognizes that as Plaintiff is incarcerated in a different institution from the location where his claim arose, he may have difficulty effectuating service within the 120 day time limit imposed by Federal Rule of Civil Procedure 4(m).  If Plaintiff desires to request the appointment of the

United States Marshal to serve process on the Defendant, Plaintiff shall file a motion for service

of process at government expense, within 45 days of the date of entry of this order (on or before

April 11, 2011). The Clerk of Court is **DIRECTED** to mail to Plaintiff the Court's Pro Se

Litigant Guide, containing forms and instructions for filing said motion.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for

Defendant Gerst. The Clerk shall forward the summons and sufficient copies of the complaint

and this Memorandum and Order to Plaintiff so that he may serve Defendant.

Plaintiff is **ORDERED** to serve upon Defendant or, if an appearance has been entered by

counsel, upon that attorney, a copy of every pleading or other document submitted for

consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate

stating the date that a true and correct copy of the document was mailed to the defendant or

defendant's counsel. Any paper received by a district judge or magistrate judge which has not

been filed with the Clerk or which fails to include a certificate of service will be disregarded by

the Court.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be

found at the work address provided by Plaintiff, if the United States Marshal is appointed to

serve process pursuant to a motion by Plaintiff, the employer shall furnish the United States

Marshal with the Defendant's current work address, or, if not known, the Defendant's last-known

address. This information shall be used only for effecting service of process. Any

documentation of the address shall be retained only by the Marshal. Address information shall

not be maintained in the court file or disclosed by the Marshal.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the

complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Philip M. Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  February 22, 2011**

_____*s/J. Phil Gilbert*_____
**United States District Judge**