UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN RUSHING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-cv-507-JPG-PMF |
| | ) | |
| GARY ANDREW GERST, | ) | |
| *Physician Assistant,* | ) | |
| *Pinckneyville Correctional Center*, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff John Rushing's *pro se* Motion for Leave to Proceed *in Forma Pauperis* (Doc. 9). Previously, the Court reserved ruling on the instant motion so that Rushing could supplement the Court with his prisoner trust fund account statements, which he has since done. *See* Docs. 17, 19.

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1) (2006). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious. § 1915(e)(2)(B)(i).

Here, as the Court mentioned in its Memorandum and Order (Doc. 12) of March 11, 2011, it is clear from Rushing's declaration that he is indigent. Said declaration has since been bolstered by the contents of Rushing's prisoner trust fund account statements.

That said, Rushing has already paid the $350.00 filing fee in this matter. Furthermore, Rushing is not currently liable for any further costs, and it is unlikely that he will be liable for any such costs in the near future. For these reasons, *at this time*, the Court

fails to see the need for Rushing to proceed *in forma pauperis* and Rushing has not so argued.

Accordingly, the Court **DENIES** the instant motion (Doc. 9) **without prejudice**. The Court makes no finding as to whether Rushing's claims are frivolous or malicious.

**IT IS SO ORDERED.**
**DATED: April 19, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
