IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN RUSHING,

    Plaintiff,

v.

GARY ANDREW GERST, *et al.,*

    Defendants.

Case No. 3:10-cv-00507-JPG-PMF

MEMORANDUM & ORDER

This matter comes before the Court on defendant Gary Andrew Gerst's motion to dismiss (Doc. 26) which was construed by Magistrate Judge Frazier as a motion for summary judgment (Doc. 44). The plaintiff, John Rushing, filed a response to the motion (Doc. 43), after which Magistrate Judge Frazier held a *Pavey* hearing on August 15, 2011 (Doc. 47).

After reviewing a magistrate judge's report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* The Court must review *de novo* the portions of the report to which specific written objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Rushing has objected to Magistrate Judge Frazier's R&R (Doc. 49). Specifically, Rushing objects to the Magistrate Judge Frazier making "presumptions" about what occurred. Rushing objects to the presumption he checked the "out of jurisdiction" box and mailed the grievance directly to the Administrative Review Board. He argues the burden is on the defendant

asserting the failure to exhaust defense, Gerst, to prove remedies were not exhausted. The Court will thus review this portion of the R&R *de novo*.

FACTS

The Court has reviewed the complaint (Doc. 1) and the transcript of the *Pavey* hearing and finds the facts to be as follows (Doc. 48). Rushing is housed at Pinckneyville Correctional Center and was given medical treatment by Gerst, a physical assistant on June 24, 2009. Rushing claims during this visit, he was injected with an unknown substance without his consent. He further alleges no one informed him why he received an injection or what the injection contained. Rushing filed a grievance the same day and gave it to his grievance counselor, Dolce, to begin the first step of the administrative process. Rushing then wrote a letter to Dolce on August 25, 2009 requesting follow up on his grievance. On this letter, someone (it appears to be Dolce) wrote they were waiting for a response from the medical unit. Rushing wrote another grievance on October 14, 2009 complaining about Dolce's failure to investigate fully the original July 24th grievance.

On October 26, 2009, the Administrative Review Board received the July 24, 2009 and October 14, 2009 grievances. On the grievances, several fields were left empty including "counselor's response," the date received, counselor's printed name, counselor's signature, and the date of response. Both forms had the box checked indicating it was outside of the prison's jurisdiction. The July 24th grievance was denied by the Administrative Review Board as untimely.

At the *Pavey* hearing, the Pinckneyville Grievance Officer testified the standard procedure was for an inmate to file a grievance with the grievance counselor. The grievance counselor then reviews the grievance and investigates as necessary. Once the investigation is

complete, the counselor fills out the information on the grievance and returns it to the inmate. The inmate may then file the grievance with the grievance officer if he is still not satisfied. The Grievance Officer stamps each grievance and maintains a log of all of the grievances filed. Once the grievance is given to the Grievance Officer (not the grievance counselor), it is considered "filed" for the purpose of "filing a grievance." Once the Grievance Officer reviews it, it is sent to the Chief Administrative Officer who signs off on it and returns it to the Grievance Officer. At that point, the grievance is copied and then returned to the inmate who has thirty days from the date the Chief Administrative Officer signed the form to appeal to the Administrative Review Board. This testimony is consistent with 20 Ill. Admin. Code § 504.830 which details the grievance procedure.

Rushing did not claim to have filed the grievance with the Grievance Officer as required. Rather, he claims the grievance counselor returned the grievance to him with only "outside jurisdiction of this facility" checked and told him to send the grievance directly to the Administrative Review Board. It is undisputed that the grievance in question of July 24th was never signed by a counselor or recorded by the Grievance Officer. It was also established at the hearing that the issues within the grievances, medical care and failure to respond to a grievance, are within the jurisdiction of the facility. In the end of the hearing, Rushing asserted Dolce told him to mail it directly to the Administrative Review Board and thus he exhausted all "available remedies."

After hearing from Rushing and the Grievance Officer, Magistrate Judge Frazier concluded in the R&R Rushing's story was not believable. Magistrate Judge Frazier found it unlikely the grievance counselor, Dolce, failed to fill in any of the required information on both grievances and even more unlikely the grievance counselor would say it was outside of the

3

jurisdiction when it was not. Magistrate Judge Frazier found it more likely that Rushing checked the jurisdiction box and mailed it directly to the Administrative Review Board. In the R&R Magistrate Judge Frazier found Rushing intentionally bypassed remedies that were available to him by failing to allow the administrative process to run its course and recommended summary judgment be granted for Gerst on the basis of failure to exhaust remedies.

## STANDARD

Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust his or her administrative remedies before bringing suit. 42 U.S.C. § 1983. The Seventh Circuit requires inmates to follow all grievance rules established by the correctional authority and has held the failure to exhaust remedies to be an affirmative defense. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). When there are factual issues pertaining to the exhaustion defense, the Court must resolve the issues before the merits of the substantive claims can be considered. *Pavey v. Conley*, 544 F.3d 739, 740-41 (7th Cir. 2008). Under *Pavey,* the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. *Pavey,* 544 F.3d at 740–41. If administrative procedures are clearly laid out, an inmate must comply with them in order to exhaust his remedies. *Woodford,* 548 U.S. at 95, 126 S.Ct. 2378; *Sapp v. Kimbrell,* 623 F.3d 813, 821 (9th Cir.2010); *Bridges v. Gilbert,* 557 F.3d 541, 555 n. 4 (7th Cir.2009). In coming to a decision, the court may credit the testimony of one witness over another. *Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011) (*Pavey* II). A credibility determination, "may be disturbed only if completely without foundation." *Id.* (citing *United States v. Norris,* 640 F.3d 295, 297 n. 1 (7th Cir. 2011)).

Following the *Pavey* hearing, the court will either find the prisoner exhausted his remedies and proceed or determine the prisoner has not exhausted his remedies. *Pavey,* 544 F.3d at 741. If a court determines remedies were not exhausted, it must then decide whether the plaintiff has unexhausted remedies and may go back to exhaust them, the exhaustion was innocent and he may go back and exhaust, or the exhaustion was the prisoner's fault, in which case "the case is over." *Id.*

ANALYSIS

Rushing objects to the "presumptions" made by Magistrate Judge Frazier and focuses on two in particular. First, Rushing objects to the presumption he filled out the form and sent it in to the Administrative Review Board himself. He then also objects to Magistrate Judge Frazier stating "the same person appears to have checked the box on both grievances." (Doc. 48). The first objection is entirely without merit. The Plaintiff, Mr. Rushing, stated himself on the record during the *Pavey* hearing "[s]he made a copy and sent it through the mail and told me while I'm waiting for her and the response from health care, to send it onto the ARB." (Doc. 51, p. 40, line 16-19). A few lines later Rushing then stated "[s]he checked it and sent it directly to the Administrative Review Board." (*Id.* at lines 21-22). Magistrate Judge Frazier did not "presume" Rushing sent it straight on to the ARB, rather, Rushing stated it on the record. *See id.* Magistrate Judge Frazier is allowed to make credibility determinations during the hearing and in this instance; he did not believe Rushing's second statement that Dolce sent it on. *See Pavey II,* 663 F.3d at 904. This is well within his prerogative and the Court sees no reason to disagree with the credibility determination. Certainly it was not "completely without foundation." *Id.*

Rushing also objects to the presumption the same person appears to have checked the box on both grievances. In support of this objection, he cites to the fact no handwriting expert was

called nor was anyone familiar with Rushing's handwriting. Again, the hearing court is allowed to make factual and credibility determinations. *See Pavey II,* 663 F.3d at 904. Although the burden is on Gerst to prove an affirmative defense (*see Dole*, 438 F.3d at 809), he provided evidence through the testimony of the Grievance Officer that the grievance was within the scope of the jurisdiction of the prison system. This is confirmed by 20 Ill. Admin. Code § 504.870(a) which requires a grievance to be submitted directly to the ARB only in the following scenarios:

1.) Decisions regarding protective custody placement, including continued placement in or release from protective custody
2.) Decisions regarding the involuntary administration of psychotropic medication
3.) Decisions regarding the disciplinary proceedings that were made at a facility other than the facility where the offender is currently assigned.
4.) Other issues except personal property issues that pertain to a facility other than the facility where the offender is currently assigned.

20 Ill. Admin. Code §504.870(a). None of these scenarios was indicated on the grievance form, in fact, nothing was indicated on the grievance form except the checked box. Further, even if Rushing had argued (which he did not) that the grievance was outside of the jurisdiction because there was some evidence the injection was a psychotropic medication, Magistrate Judge Frazier and this Court both find it unbelievable the grievance counselor would not print her name, sign the form, write the reasoning behind it, date the form, and then check the box as required on the form. Further, the October 14, 2009 grievance (complaining of the amount of time to process the grievance) which was also sent directly to the ARB under the same circumstances as the July 24, 2009 grievance certainly did not fall within any of the four scenarios above. Gerst provided sufficient evidence the grievance counselor did not fail to follow standard protocol twice by either a.) stating there was no jurisdiction when there was jurisdiction or b.) correctly stating there was no jurisdiction but failing to fill out two forms properly.

There is no reason to believe the grievance was outside of the jurisdiction of the grievance procedures. Gerst has provided sufficient evidence to prove Rushing never filed the grievance at the second step with the Grievance Officer as required. The Grievance Officer has no record of these grievances ever being filed but keeps a record book. The complained of grievances were within the jurisdiction of the facility. Rushing testified he mailed the grievances on to the ARB himself. The Court does not find it credible that Dolce told him to mail the grievances without filling out any information on the form. Rather, like Magistrate Judge Frazier, this Court finds Rushing did not want to wait for the administrative process to run its course and sent the grievance before completing all of the necessary steps. It was established during the hearing Rushing had knowledge of the grievance system and knew the steps he needed to take. In spite of this, he mailed the grievance to the ARB before completing the required steps in the correctional facility. This is willfully failing to exhaust his remedies and therefore, "the case is over." *Pavey*, 544 F.3d at 742.

After reviewing Magistrate Judge Frazier's Report and Recommendation and conducting a *de novo* review of the objected to portions, the Court believes the R&R is correct. The Court has reviewed the remainder of the R&
R for clear error and found none. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Court **ADOPTS** the Report and Recommendation (Doc. 48) and **GRANTS** Gerst's motion for summary judgment (Doc. 26). As there are no remaining issues, the case is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**
**DATED:** March 27, 2012

                                                s./ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**